

STEPHEN A. SCOTT (SBN 67467)
PHUONG H. NGUYEN (SBN 226772)
**HAYES DAVIS BONINO ELLINGSON**
**McLAY & SCOTT, LLP**
203 Redwood Shores Parkway, Suite 408
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
I.C. SYSTEM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joe La Come,<br><br>            Plaintiff,<br><br>            v.<br><br>I.C. System, Inc.,<br>and Does 1 through 10, inclusive,<br><br>          Defendant. | Case No. 07 2521 JCS<br><br>**DEFENDANT I.C. SYSTEM, INC.'S**<br>**ANSWER TO PLAINTIFFS'**<br>**COMPLAINT; DEMAND FOR JURY**<br>**TRIAL** |

Defendant I.C. System, Inc. ("I.C. System") hereby submits the following Answer to plaintiff Joe La Come's ("Plaintiff") Complaint.

1.    Answering the allegations of Paragraph 1, this answering defendant admits the allegations therein.

2.    Answering the allegations of Paragraph 2, this answering defendant lacks information sufficient to admit or deny the allegations and therefore denies said allegations on information and belief.

3.    Answering the allegations of Paragraph 3, this answering defendant admits the allegations therein.

4.    Answering the allegations of Paragraph 4, this answering defendant lacks information sufficient to admit or deny the allegations and therefore denies said allegations on information and belief.

138736

5.    Answering the allegations of Paragraph 5, this answering defendant admits that its business address is 444 Highway 96 East, St. Paul, Minnesota 55127 and facsimile number is 651-204-1220.  This answering defendant denies the remaining allegations therein.

6.    Answering the allegations of Paragraph 6, this answering defendant denies the allegations therein.

7.    Answering the allegations of Paragraph 7, this answering defendant denies the allegations therein.

8.    Answering the allegations of Paragraph 8, this answering defendant admits that it attempted to contact Plaintiff on May 3, 2007 and May 4, 2007. This answering defendant denies the remaining allegations therein.

9.    Answering the allegations of Paragraph 9, this answering defendant incorporates by reference the paragraphs set forth above as though set forth fully herein.

10.    Answering the allegations of Paragraph 10, this answering defendant denies it violated 15 U.S.C. § 1692c(c).

11.    Answering the allegations of Paragraph 11, this answering defendant denies the allegations therein.

12.    Answering the allegations of Paragraph 12, this answering defendant denies it violated 15 U.S.C. § 1692g(b).

13.    Answering the allegations of Paragraph 13, this answering defendant denies the allegations therein.

14.    Answering the allegations of Paragraph 14, this answering defendant lacks information sufficient to admit or deny the allegations and therefore denies said allegations on information and belief.

15.    Answering the allegations of Paragraph 15, this answering defendant denies that it violated 15 USC section 1692e(11).

16.    Answering the allegations of Paragraph 16, this answering defendant denies the allegations therein.

**DEFENDANT I.C. SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT--*CASE NO. 07-2521***

1

## **AFFIRMATIVE DEFENSES**

2

Defendant, in answer to the unverified Complaint of plaintiff herein, herewith denies each

3

and every, all and singular, the allegation of the unverified Complaint, and in the is connection

4

defendant denies that Plaintiffs have been injured or damaged in any of the sums mentioned in the

5

Complaint, or in any sum, or at all as the result of any act or omission of this answering defendant.

6

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

7

FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

8

answering defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of

9

action against this answering defendant.

10

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

11

ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

12

this answering defendant alleges that Plaintiffs has waived and is estopped and barred from alleging

13

the matters set forth in the Complaint.

14

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

15

FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

16

answering defendant alleges that said Complaint is barred by the doctrine of laches.

17

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

18

ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

19

this answering defendant alleges that at all times and places mentioned in the Complaint herein,

20

plaintiffs failed to mitigate the amount of their damages.  The damages claimed by plaintiffs could

21

have been mitigated by due diligence on their part or by one acting under similar circumstances.

22

The plaintiffs' failure to mitigate is a bar to its recovery under the Complaint.

23

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

24

FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

25

answering defendant alleges that plaintiffs is barred by the doctrine of unclean hands from alleging

26

the matters set forth in the Complaint.

27

AS AN SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

28

ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief that the sole and proximate cause of the circumstances and events complained of by plaintiffs in their Complaint was due to the acts or omissions of persons and entities other than this answering defendants.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the injuries allegedly sustained by plaintiffs were either wholly or in part caused by plaintiffs or persons, firms, corporations or entities other than this answering defendant, and whose acts or omissions are imputed to plaintiffs as a matter of law.

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant allege that plaintiffs was careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence on said plaintiffs' own part proximately contributed to the happening of the incident and to the injuries, loss and damage complained of, in any there were; that should plaintiffs recover damages, defendants are entitled to have the amount thereof abated, reduced or eliminated to the extent that plaintiffs' negligence cause or contributed to its injuries, if any.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs should be denied recovery under the Complaint, and each cause of action thereof, because plaintiffs' conduct, or conduct imputed to plaintiffs, was unreasonable.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the alleged causes of action set forth in the Complaint are, and each of them is, barred by the statute of limitations.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

CONTAINED THEREIN, this answering defendant alleges that its conduct was not the cause in

fact or the proximate cause of any of the losses alleged by plaintiff.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

this answering defendant alleges that the debts at issue and the acts alleged by plaintiff are not

subject to the requirements of the Fair Debt Collection Practices Act ("FDCPA").

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

CONTAINED THEREIN, this answering defendant alleges that it has insufficient knowledge or

insufficient information upon which to form a belief as to whether it may have additional, yet

unasserted, affirmative defenses.  This answering defendant therefore reserves the right to assert

additional affirmative defenses in the event further investigation and/or discovery indicate it would

be appropriate.

## DEMAND FOR JURY TRIAL

I.C. SYSTEM, INC., hereby demands a trial by jury.

Dated:  May 31, 2007

HAYES DAVIS BONINO ELLINGSON
McLAY & SCOTT, LLP


By
STEPHEN A. SCOTT
PHUONG H. NGUYEN
Attorneys for Defendant
I.C. SYSTEM, INC.

**DEFENDANT I.C. SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT--*CASE NO. 07-2521***

CASE NAME:   La Come v. I.C. System, Inc.
ACTION NO.:   C07-2521 JCS

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Suite 480, Redwood City, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

## DEFENDANT I.C. SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

☐   (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood Shores, California.

☐   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐   (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

Joe La Come
36 Summit Avenue
San Rafael, CA 94901

**In Pro Per**

☒   *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 1, 2007, at Redwood City, California.

Abigail Bowman

138025

**PROOF OF SERVICE - CASE NO.  C07-2521 JCS**