STEPHEN A. SCOTT (SBN 67467)
PHUONG N. FINGERMAN (SBN 226772)
**HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP**
203 Redwood Shores Parkway, Suite 408
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
I.C. SYSTEM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joe La Come,<br><br>                    Plaintiff,<br><br>          v.<br><br>I.C. System, Inc.,<br>and Does 1 through 10, inclusive,<br><br>                    Defendant. | Case No.   07 2521 JCS<br><br>**DEFENDANT I.C. SYSTEM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant I.C. System, Inc. ("I.C. System") hereby submits the following Answer to plaintiff Joe La Come's ("Plaintiff") First Amended Complaint.

1.     Answering the allegations of Paragraph 1, this answering defendant admits the allegations therein.

2.     Answering the allegations of Paragraph 2, this answering defendant admits the allegations therein.

3.     Answering the allegations of Paragraph 3, this answering defendant admits the allegations therein.

4.     Answering the allegations of Paragraph 4, this answering defendant lacks information sufficient to admit or deny the allegations and therefore denies said allegations on information and belief.

/ / /

150848

**DEFENDANT I.C. SYSTEM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
*CASE NO. 07-2521*

5. Answering the allegations of Paragraph 5, this answering defendant admits that it attempted to contact plaintiff in November of 2006 and that its facsimile number is 651-204-1220. This answering defendant denies the remaining allegations therein.

6. Answering the allegations of Paragraph 6, this answering admits that it made calls after November 2006 to Plaintiff. This answering defendant denies the remaining allegations therein.

7. Answering the allegations of Paragraph 7, this answering defendant lacks information sufficient to admit or deny the allegations and therefore denies said allegations on information and belief.

8. Answering the allegations of Paragraph 8, this answering defendant admits that it attempted to contact Plaintiff on May 3, 2007 and May 4, 2007. This answering defendant lacks information sufficient to admit or deny the allegations and therefore denies said allegations on information and belief.

9. Answering the allegations of Paragraph 9, this answering defendant incorporates by reference the paragraphs set forth above as though set forth fully herein.

10. Answering the allegations of Paragraph 10, this answering defendant denies it violated 15 U.S.C. § 1692c(c).

11. Answering the allegations of Paragraph 11, this answering defendant denies the allegations therein.

12. Answering the allegations of Paragraph 12, this answering defendant denies it violated 15 U.S.C. § 1692g(b).

13. Answering the allegations of Paragraph 13, this answering defendant denies the allegations therein.

14. Answering the allegations of Paragraph 14, this answering defendant lacks information sufficient to admit or deny the allegations and therefore denies said allegations on information and belief.

15. Answering the allegations of Paragraph 15, this answering defendant denies that it

**DEFENDANT I.C. SYSTEM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
*CASE NO. 07-2521*

violated 15 USC section 1692e(11).

16.     Answering the allegations of Paragraph 16, this answering defendant denies the allegations therein.

## AFFIRMATIVE DEFENSES

Defendant, in answer to the verified First Amended Complaint of plaintiff herein, herewith denies each and every, all and singular, the allegation of the verified First Amended Complaint, and in the is connection defendant denies that Plaintiffs have been injured or damaged in any of the sums mentioned in the First Amended Complaint, or in any sum, or at all as the result of any act or omission of this answering defendant.

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the First Amended Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that Plaintiffs has waived and is estopped and barred from alleging the matters set forth in the First Amended Complaint.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said Complaint is barred by the doctrine of laches.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the First Amended Complaint herein, plaintiffs failed to mitigate the amount of their damages. The damages claimed by plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances. The plaintiffs' failure to mitigate is a bar to its

recovery under the First Amended Complaint.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs is barred by the doctrine of unclean hands from alleging the matters set forth in the First Amended Complaint.

AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant allege that plaintiffs was careless and negligent in and about the matters alleged in the First Amended Complaint, and that said carelessness and negligence on said plaintiffs' own part proximately contributed to the happening of the incident and to the injuries, loss and damage complained of, in any there were; that should plaintiffs recover damages, defendants are entitled to have the amount thereof abated, reduced or eliminated to the extent that plaintiffs' negligence cause or contributed to its injuries, if any.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs should be denied recovery under the First Amended Complaint, and each cause of action thereof, because plaintiffs' conduct, or conduct imputed to plaintiffs, was unreasonable.

AS AN EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that its conduct was not the cause in fact or the proximate cause of any of the losses alleged by plaintiff.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the debts at issue and the acts alleged by plaintiff are not subject to the requirements of the Fair Debt Collection Practices Act ("FDCPA").

**DEFENDANT I.C. SYSTEM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
*CASE NO. 07-2521*

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that it has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses.  This answering defendant therefore reserves the right to assert additional affirmative defenses in the event further investigation and/or discovery indicate it would be appropriate.

## DEMAND FOR JURY TRIAL

I.C. SYSTEM, INC., hereby demands a trial by jury.

Dated:  November 5, 2007

HAYES DAVIS BONINO ELLINGSON
McLAY & SCOTT, LLP

By _____
      STEPHEN A. SCOTT
      PHUONG N. FINGERMAN
      Attorneys for Defendant
      I.C. SYSTEM, INC.

**DEFENDANT I.C. SYSTEM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
*CASE NO. 07-2521*