STEPHEN A. SCOTT (SBN 67467)
PHUONG N. FINGERMAN (SBN 226772)
**HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP**
203 Redwood Shores Parkway, Suite 408
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
I.C. SYSTEM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joe La Come,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>I.C. System, Inc.,<br>and Does 1 through 10, inclusive,<br><br>　　　　Defendant. | Case No.   07 2521 JCS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT** |

　　Plaintiff Joe La Come (La Come) and defendant I.C. System, Inc. (I.C. System) hereby submit their Joint Case Management Statement/Rule 26(f) Report of the Early Meeting of Counsel pursuant to Rule 26 (f) of the Federal Rules of Civil Procedure and appurtenant Local Rules of this Court. The parties further request that the Court adopt the [proposed] case management order as its Case Management Order in this case.

**I.
JURISDICTION AND SERVICE**

　　This action involves the Fair Debt Collection Practices. The court has jurisdiction over this action under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

　　There are no issues regarding personal jurisdiction or venue. All parties have been served. The parties do not anticipate adding any additional parties.

## II. DESCRIPTION OF THE CASE

Plaintiff is an individual residing in San Rafael, California. Defendant I.C. System is a Minnesota company who engages in the business of collecting debts owed to third parties. I.C. System is authorized to do business and is doing business in the State of California.

Plaintiff alleges that I.C. System engaged in collection practices that violated the Fair Debt Collection Practices Act. Specifically, Plaintiffs contend that I.C. System:

(1) Failed to cease communications in violation of 15 USC section 1692c(c);

(2) Failed to honor plaintiff's request for validation of the debt in violation of 15 USC section 1692 g (b).

(3) Violated 15 USC section 1692e(11) by failing to disclose in its initial communication that it was debt collector and was attempting to collect a debt.

I.C. System denies that it violated the Fair Debt Collection Practice Act. Specifically, I.C. System contends that the debt at issue is a commercial debt and is not subject to the Fair Debt Collection Practice Act.

## III. DESCRIPTION OF FACTUAL AND LEGAL ISSUES IN DISPUTE

(1) Whether the debt at issue is a commercial debt and subject to the Fair Debt Collection Practice Act?

(2) If the debt at issue is a consumer debt, whether I.C. System violated the Fair Debt Collection Act?

## IV. MOTIONS

There are no pending motions.

Plaintiff anticipates filing a motion for summary judgment.

Defendant I.C. System anticipates filing a possible motion for summary judgment/summary adjudication.

## V. AMENDMENT OF PLEADINGS

Plaintiff recently filed his First Amended Complaint. Plaintiff do not anticipate any further

amendments to the pleadings.

## VI
## EVIDENCE PRESERVATION

The parties agree to take steps to preserve evidence relevant to the issues reasonably evident in this case.

## VII.
## DISCLOSURES

The parties will make their initial witness and document disclosures under FRCP 26(a) on or before December 17, 2007.

## VIII.
## DISCOVERY

The parties jointly agree to adhere to the discovery limitations outlined in the Federal Rules of Civil Procedure.

Defendant will propound the following discovery requests: (a) Special Interrogatories; (b) Requests for Production; and, (c) Requests for Admission. Defendant will also depose Plaintiff and other individuals that may be identified during the course of this litigation.

Plaintiff will propound the following discovery requests: (a) Special Interrogatories; (b) Requests for Production; and, (c) Requests for Admission. Plaintiff will also depose Defendant and other individuals that may be identified during the course of this litigation.

The parties further intend to supplement disclosures or discovery responses pursuant to Rule 26(e) and will serve and file certification that all supplementation has been completed thirty days prior to the close of discovery.

## IX.
## CLASS ACTIONS

Not applicable.

## X.
## RELATED CASES

Not applicable.

138736                                    -3-
**JOINT REPORT OF RULE 26 (f) REPORT AND CASE MANAGEMENT PLAN--*CASE NO. 07-2521***

## XI
## RELIEF

Plaintiff seeks statutory damages pursuant to 15 U.S.C. §1692k and compensatory damages to be determined by a jury. Plaintiff is also requesting costs of the suit.

Defendant requests that Plaintiff takes nothing by his complaint. Defendant seeks costs of suit incurred herein and such other and further relief as the court deems proper.

## XII.
## SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

The parties are willing to participate in the early neutral evaluation. The parties have agreed to mediation.

## XIII.
## CONSENT TO UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the parties voluntarily consent to have United States Magistrate Judge Joseph C. Spero conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment.

## XIV.
## OTHER REFERENCES

Not applicable.

## XV.
## NARROWING OF ISSUES

Not applicable.

## XVI.
## EXPEDITED SCHEDULE

Not applicable.

## XVII.
## SCHEDULING

The parties propose the following schedule:

1. Deadline to complete non-expert discovery:    February 1, 2008
2. Deadline for hearing dispositive motions:     May 16, 2008
3. Disclosure of experts:                         March 10, 2008
4. Deadline to complete expert discovery:         April 1, 2008

4. Deadline for hearing on discovery motions:     May 2, 2008

6. Pretrial Conference:     June 2008

7. Trial:     July/August 2008

## XVIII.
## TRIAL

This case will be a jury trial and the parties expect the trial will require approximately 2 to 3 court days.

## XIX.
## DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS

The following listed parties have a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1. Chubb Insurance Co.

## XX.
## ALL OTHER ITEMS

Not applicable.

Dated: 11/7/07

Joe La Come
Plaintiff

Dated: 11/9/07

Stephen A. Scott
Phuong N. Fingerman
HAYES DAVIS BONINO,
ELLINGSON McLAY & SCOTT,
Attorneys for Defendant,
I.C. SYSTEM, INC.

138736

-5-

**JOINT REPORT OF RULE 26 (f) REPORT AND CASE MANAGEMENT PLAN--*CASE NO. 07-2521*.**

**[PROPOSED] CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the court orders:

Dated: _____          _____
                                UNITED STATES DISTRICT
                                MAGISTRATE JUDGE JOSEPH C. SPERO

1 | CASE NAME: La Come v. I.C. System, Inc.
ACTION NO.: C07-2521 JCS

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Suite 480, Redwood City, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT**

- ☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.
- ☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood Shores, California.
- ☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).
- ☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

Joe La Come
36 Summit Avenue
San Rafael, CA 94901

**In Pro Per**

- ☒ *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 9, 2007, at Redwood City, California.

*Abigail Bowman*
Abigail Bowman

138025

**PROOF OF SERVICE - CASE NO. C07-2521 JCS**